

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

August 6, 1952

Hon. Homer Garrison, Jr., Director
Texas Department of Public Safety
Austin, Texas                     Opinion No. V-1490

                                 Re: Acceptability of automobile
                                     liability insurance policies
                                     issued by Mexican insurance
                                     companies under the Texas
                                     Motor Vehicle Safety-
Dear Sir:                            Responsibility Act.

        Your request for an opinion in connection with the above-
captioned matter states:

        "Reference is made to the Texas Motor Vehicle
Safety-Responsibility Act, H. B. 219, 52nd Texas Leg-
islature, R.S. 1951, ch. 498, p. 1210 [Article 6701h,
V.C.S.].

        "Sec. 1, 13, of the Act reads:

        " '"State" -- Any state, territory, or possession
of the United States, the District of Columbia, or any
province of the Dominion of Canada.'

        "Sec. 20 of the Act provides:

        " 'CERTIFICATE FURNISHED BY NON-RESIDENT
        AS PROOF.

        " '(a) The non-resident owner of a motor vehicle
not registered in this State may give proof of financial
responsibility by filing with the Department a written
certificate or certificates of an insurance company
authorized to transact business in the state in which
the motor vehicle or motor vehicles described in such
certificate are registered, or if such non-resident

does not own a motor vehicle, then in the state in which the insured resides, provided such certificate otherwise conforms to the provisions of this Act, and the Department shall accept the same upon condition that said insurance company complies with the following provisions with respect to the policies so certified:

" '1. said insurance company shall execute a power of attorney authorizing the Department to accept service on its behalf of notice or process in any action arising out of a motor vehicle accident in this State;

" '2. said insurance company shall agree in writing that such policies shall be deemed to conform with the laws of this State relating to the terms of motor vehicle liability policies issued herein.

" '(b) If any insurance company not authorized to transact business in this State, which has qualified to furnish proof of financial responsibility, defaults in any said undertakings or agreements, the Department shall not thereafter accept as proof any certificate of said company whether theretofore filed or thereafter tendered as proof, so long as such default continues.'

"In view of the definition of 'State' and the provisions of the cited Section 20, should the written certificate of an insurance company domiciled in Mexico that has met the requirements of Section 20 (a) 1 and 2 be accepted as proof of financial responsibility by this department if the motor vehicle described in such certificate is registered in a state or district of the Republic of Mexico or if a non-resident does not own a motor vehicle but is a resident of Mexico?"

Article 6701h, Vernon's Civil Statutes, the "Texas Motor Vehicle Safety-Responsibility Act" (H.B. 219, Acts 52nd Leg., R.S. 1951, ch. 498, p. 1210), seeks to accomplish the dual purpose of requiring security after an accident for damages from the accident, and of requiring proof of financial responsibility for the future upon non-satisfaction of judgments or convictions for violation of motor vehicle laws. Wilson, The Texas Safety Responsibility Act, 4 Baylor Law Review 1 (1951).

The Texas Legislature prescribed the methods for showing proof of financial responsibility for the future. These are enumerated in Section 18 of the act as follows:

"Proof of financial responsibility when required under this act with respect to a motor vehicle or with respect to a person who is not the owner of a motor vehicle may be given by filing:

"1. A certificate of insurance as provided in Section 19 or 20; or

"2. A bond as provided in Section 24; or

"3. A certificate of deposit of money or securities as provided in Section 25; or

"4. A certificate of self-insurance as provided in Section 34, supplemented by an agreement by the self-insurer that, with respect to accidents occurring while the certificate is in force, he will pay the same judgments and in the same amounts that an insurer would have been obligated to pay under an owner's motor vehicle liability policy if it had issued such a policy to said self-insurer.

"No motor vehicle shall be or continue to be registered in the name of any person required to file proof of financial responsibility unless such proof shall be furnished for such motor vehicle."

Thus, the intent of the Legislature was not merely to require financial responsibility for the future but to prescribe acceptable methods for meeting this requirement.

Section 20, toward which your inquiry is directed, prescribes the means by which a nonresident of Texas may show proof of financial responsibility under the act. It is an elaboration of the method for proving financial responsibility as prescribed in Section 18, whereby proof is made possible by the filing of a certificate of insurance.

The types of insurance certificates acceptable from nonresidents are carefully limited in Section 20 by the proviso that the

certificate must be from "an insurance company authorized to transact business in the state in which the motor vehicle or motor vehicles described in such certificates are registered, or if such non-resident does not own a motor vehicle, then in the state in which the insured resides, provided such certificate otherwise conforms to the provisions of the Act, . . ." [Emphasis added.]

It will be noted that the word "state" is used twice in the above-quoted provision. The act defines "state" as "any state, territory or possession of the United States, the District of Columbia, or any province of the Dominion of Canada." In view of the fact that the Legislature has expressly defined the word "state," this definition is binding throughout the statute unless the definition is ambiguous. This rule of construction is found in 39 Tex. Jur. 200, Statutes, Sec. 107:

". . . when the Legislature defines a word or group of words which it has power to do and frequently does, the definition, being clear and unambiguous, is binding upon the Courts as an expression of the legislative intent, regardless of the meaning of the word in common parlance, or in other connections. . . ."

In defining "state," the Legislature went further than the boundaries and possessions of the United States, although these were included. The definition included a foreign nation, the Dominion of Canada, which, like Mexico, is adjacent to the territorial boundaries of the United States.

The rule of construction which is applicable here is stated in State v. Mauritz-Wells Co., 141 Tex. 634, 175 S.W.2d 238 (1943), as follows:

". . . It is a settled rule that the express mention or enumeration of one person, thing, consequence, or class is equivalent to an express exclusion of all others. . . ."

Under this rule the inclusion of one foreign nation in the definition and the failure to mention others is tantamount to the exclusion of all others. The Republic of Mexico was not included, and it is evident that the Legislature intended to exclude it and all

other areas except the states, territories and possessions of the United States, the District of Columbia, or any province of the Dominion of Canada.

There being no ambiguity in this definition, it is binding as an expression of legislative intent.

Your question does not concern the constitutionality of the sections of Article 6701h, Vernon's Civil Statutes, under consideration and consequently this opinion does not pass upon that point.

## SUMMARY

A written certificate of an insurance company domiciled in Mexico may not be accepted by the Department of Public Safety as proof of financial responsibility as provided for in Section 20 of Article 6701h, V.C.S., the Texas Motor Vehicle Safety-Responsibility Act, as the Republic of Mexico is not included within the definition of "state" as contained in the act. The Department is permitted to accept certificates of insurance only from companies authorized to do business in a "state" as defined.

APPROVED:

William S. Lott
State Affairs Division

E. Jacobson
Reviewing Assistant

Charles D. Mathews
First Assistant

ER:mf

Yours very truly,

PRICE DANIEL
Attorney General

*Edward Reichelt*

By

Edward Reichelt
Assistant